UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOSEPH A. RODRIGUEZ,**

    **Plaintiff,**

v.                                       Case No: 5:25-cv-488-RBD-PRL

**TRULIEVE, INC.,**

    **Defendant.**

_____

### ORDER

This cause, upon referral, comes before the Court on the parties' Joint Motion for Court Approval of Settlement of FLSA Claim and Dismissal with Prejudice ("Joint Motion"). (Doc. 21). The parties request that the Court approve the proposed settlement agreement of Plaintiff's claim under the Fair Labor Standards Act ("FLSA") and dismiss the case with prejudice. (*Id.* at pp. 1, 4, 10). For the reasons explained below, the parties' Joint Motion is due to be denied without prejudice.

**I.**     **BACKGROUND**

In this FLSA action, Plaintiff Joseph Rodriguez brought suit against Defendant Trulieve, Inc. in state court, asserting one claim for unpaid overtime compensation in connection with his employment with Defendant for the period of December 2021 through July 2024. (Doc. 1-1 at ¶¶ 1, 6, 19, 28-31). On August 6, 2025, Defendant removed the case from state court to this Court. (Doc. 1). On October 3, 2025, the parties filed a Joint Notice of Settlement, indicating that they had reached a settlement of Plaintiff's FLSA claim. (Doc. 16).

The parties now file the instant Joint Motion, seeking approval of their settlement agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), and to dismiss the case with prejudice. (Doc. 21). The parties include with their Joint Motion a fully executed copy of the Settlement Agreement and Release of Claims Under the Fair Labor Standards Act ("Settlement Agreement"). (Doc. 21-1).

**II.   LEGAL STANDARDS**

Claims brought pursuant to the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court "enter[s] a stipulated judgment after scrutinizing the settlement for fairness." *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352-53 (citations omitted). To approve the settlement of FLSA claims, the Court must determine whether the settlement agreement is a "fair and reasonable res[o]lution of a bona fide dispute" of the claims raised pursuant to the FLSA. *See id*. at 1354-55.

In suits brought by employees under the FLSA for back wages, the Eleventh Circuit has held that settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *See id*. at 1354. In such adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*See id*. (footnote omitted).

## III. DISCUSSION

According to the Settlement Agreement, Defendant has agreed to pay Plaintiff a total of $15,000.00, consisting of $7,500.00 for alleged unpaid overtime wages and $7,500.00 in liquidated damages. (*See* Doc. 21-1 at p. 3); *see also* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."). Plaintiff's counsel will receive $8,500.00 in attorneys' fees and costs. (*See* Doc. 21-1 at p. 3); *see also* 29 U.S.C. § 216(b) ("The court [in an FLSA] action shall[] . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties represent that this amount for attorneys' fees and costs was negotiated separately from the amount received by Plaintiff. (*See* Doc. 21 at pp. 4, 9-10); *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel").

Central to the parties' agreement is a broad general release by Plaintiff. In the Settlement Agreement, the parties agreed to the following release:

> RODRIGUEZ (on his own behalf, and on behalf of his respective estate, heirs, personal representatives, executors, administrators, successors, assigns, and other representatives or agents), hereby irrevocably and unconditionally releases and forever discharges COMPANY and each and all of the other "RELEASED PARTIES" as defined below, of and from any and all claims, obligations, causes of actions, actions, demands, rights, and liabilities of every kind, nature, and description, arising prior to the date of execution of this Agreement, which were pled, and/or could have ben pled, in the instant FLSA Claim at any time. This FLSA Release specifically includes, but is not limited to, any claims for unpaid minimum wages, unpaid overtime wages, liquidated damages, interest, attorneys' fees, costs, or any other relief available under the

> FLSA; the Florida Minimum Wage Act; or[] § 448.08, Florida Statutes, based upon an alleged failure to pay wages (collectively, "Released Claims").

(Doc. 21-1 at pp. 5-6). "Released Parties" is defined as:

> (a) Trulieve Cannabis Corp., Trulieve, Inc., and each and all past or present partners, parents, subsidiaries, or affiliates (regardless whether such partners, parents, subsidiaries, or affiliates are individuals, corporations, partnerships, limited partnerships, limited liability companies, or other forms of entity) of the COMPANY; (b) each and all of the predecessor or successor entities of any of those entities identified in subparagraph (a); (c) any other individuals or entities of any kind, including but not limited to any payroll companies, which have been or could be alleged to be in any manner responsible (whether on an alter ego, joint employer, integrated enterprise, or any other theory) for any violations alleged in the FLSA Claim; and (d) all past and present directors, officers, managers, supervisors, representatives, insurers, agents, shareholders, partners, members, lawyers, and employees of any of the individuals or entities identified in subparagraphs (a), (b), or (c), to the extent each or any could be considered an "employer" of RODRIGUEZ under the FLSA, 29 U.S.C. § 203(d), or other applicable federal, state, or local wage-and-hour law.

(*Id*. at p. 6). The release is non-severable. (*See id*. at pp. 5-7);[1] *Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-ORL-41G, 2015 WL 2399952, at *3 (M.D. Fla. Apr. 1, 2015), *report and recommendation adopted in part, rejected in part on other grounds*, 2015 WL 2402450 (M.D. Fla. May 20, 2015) (containing a similar severability provision and indicating that the "Agreement's general release provisions [we]re non-severable").

Upon review, the undersigned cannot recommend approval of the Settlement Agreement based on the current form of the general release provisions. General releases are

---

[1] The Settlement Agreement contains a severability provision that provides:

> The Parties agree that if any provision of this Agreement or any part of any provision of this Agreement, other than the waiver and release provision in paragraph VIII, is found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement.

(*Id*. at pp. 6-7).

typically disfavored in FLSA cases. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010); *see also Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FTM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016). Generally, broad releases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee[,]" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *See Moreno*, 729 F. Supp. 2d at 1351-53 (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release) (footnote omitted); *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (stating that general releases by plaintiffs "involved in a 'plain vanilla' FLSA case raising only FLSA claims" are "unfair and unacceptable").

However, courts in this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which the plaintiff is entitled under the FLSA. *See e.g., Davis*, 2016 WL 7474571, at *2 (approving settlement agreement with general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.,* No. 6:14-cv-79-ORL-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving settlement agreement with general release because plaintiffs received independent consideration for it); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-cv-1394-ORL-37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015) (approving settlement agreement with general release because it was supported by independent consideration apart from that owed to plaintiff under the FLSA, specifically a mutual general release and a specific neutral

reference by defendant); *Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-cv-1112-ORL-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (approving settlement agreement with general release because defendants agreed to pay plaintiff additional and separate consideration in exchange for a general release).

Other courts in this district have found mutual general releases to confer a benefit on a plaintiff, and thus acceptable. *See, e.g.*, *Prieto v. Scheeler's Cafe De Marco, Inc.*, No. 2:16-cv-139-FTM-99CM, 2017 WL 359220, at *3 (M.D. Fla. Jan. 9, 2017), *report and recommendation adopted*, 2017 WL 347508 (M.D. Fla. Jan. 24, 2017) (finding mutual general release as fair and reasonable because it would ensure there would not be future litigation regarding events prior to settlement, including claims the defendants could have against plaintiff in state court); *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement containing mutual general releases because they conferred benefits upon the plaintiff); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-ORL-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012), *report and recommendation adopted*, 2012 WL 2191492 (M.D. Fla. June 14, 2012) (approving settlement agreement where general release by plaintiffs of their FLSA claim and other causes of action was exchanged for a mutual release by defendants).

Here, the parties have made no such showing that the general release is supported by independent consideration, nor have they adequately explained any other form of benefit conferred upon Plaintiff by the release requirement. Indeed, the parties fail to provide any legal authority to support the inclusion of the general release in an FLSA settlement agreement. Consequently, for this reason alone, the Court cannot approve the Settlement Agreement with the incorporated general release provision. *See Erling v. Am. Grille*, No.

2:17cv-350-FTM-29MRM, 2019 WL 3240749, at *6 (M.D. Fla. July 2, 2019), *report and recommendation adopted sub nom. Erling v. Am. Grille With Sushi LLC*, 2019 WL 3238578 (M.D. Fla. July 18, 2019) (declining to approve the parties' proposed settlement, in part, because the parties failed to adequately explain why the general releases were fair and reasonable under the facts and circumstances of their case, leaving the court "left to speculate"); *Lavin v. Pierhouse-Ft Myers Beach LTD*, No. 2:18-cv-801-FTM-99MRM, 2019 WL 2178295, at *3 (M.D. Fla. Apr. 30, 2019), *report and recommendation adopted*, 2019 WL 2173831 (M.D. Fla. May 20, 2019) (declining to approve the parties' proposed settlement, in part, because the parties failed to address the issue of additional consideration for plaintiff to enter into the general release and waiver of claims provision, and as a result, "the task of determining adequate consideration for such forgone and unknown claims [wa]s impossible").

Also problematic is that the general release in the Settlement Agreement extends to non-parties. Courts in this district have found that releases extending to non-parties to the FLSA agreement are unenforceable. *See Rivera v. U.S.A. Transporter Servs., Inc.*, No. 6:16-cv-2158-ORL-37TBS, 2017 WL 11049718, at *2 (M.D. Fla. Apr. 7, 2017) ("[A] general release may not be used to release a non-party. Here, the parties have submitted no authority supporting the propriety of releasing claims against non-parties in an FLSA action. Absent such, the Court declines to approve the release of claims against any entity or person other than [d]efendant."); *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-ORL-28TBS, 2017 WL 8794847, at *4-5 (M.D. Fla. Oct. 19, 2017) (recommending rejection of the settlement agreement, in part, because the release extended to numerous unnamed individuals and entities), *denied as moot by*, 2018 WL 1801207 (M.D. Fla. Jan. 2, 2018) (denying the report and recommendation as moot due to the parties' subsequent filing of a renewed motion for

settlement approval); *see also Schultz v. Tartini at Rock Springs Ridge, LLC*, No. 6:17-cv-815-ORL-37KRS, 2017 WL 11062615, at *2 (M.D. Fla. Sept. 22, 2017) (ordering the parties to file a renewed motion for settlement agreement approval, in part, because the motion did not address the breadth of the release given to defendants, specifically the broad release of individuals and entities not named in the complaint). "[A]n FLSA settlement agreement purporting to release nonparties who have not been adequately identified is not fair and reasonable." *Lanier v. Exec. Garden Titusville Hotel, LLC*, No. 6:18-cv-927-ORL-40KRS, 2018 WL 4762976, at *3 (M.D. Fla. Sept. 17, 2018), *report and recommendation adopted*, 2018 WL 4743610 (M.D. Fla. Oct. 2, 2018) (citing *Turner v. HJB Express Freight, Inc.*, No. 6:17-cv-655-ORL-37KRS, 2018 WL 3151680, at *4 (M.D. Fla. Apr. 20, 2018)).

In this case, the release extends to various unidentified non-parties, and the parties have not otherwise explained why so many unnamed individuals and entities are being released, nor have they provided case law to support such a release. *See Bragg v. Marriott Int'l, Inc.*, No. 6:22-cv-265-WWB-EJK, 2022 WL 17082043, at *4 (M.D. Fla. Nov. 18, 2022) (stating that "[t]he undersigned cannot approve a release to a 'host of individuals and entities' including 'unnamed past and present employees, agents, affiliated and subsidiary companies" because the release was not limited to defendant and its heirs and assigns, but rather, extended to various unidentified non-parties) (quoting *Correa*, 2017 WL 8794847, at *4); *Correa*, 2017 WL 8794847, at *4 ("I wonder whether [p]laintiff actually knows who he is releasing or why all of these individuals and entities should enjoy the benefit of his release."). Therefore, at this juncture and without the benefit of further briefing by the parties, the undersigned will not recommend that the release provision be approved in its current form.

This case was brought under the FLSA. FLSA provisions are mandatory, not subject to negotiation or bargaining between employers and employees, and cannot be waived. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352. As such, the Court will provide the parties with an opportunity to file a renewed motion that addresses the issues set forth in this Order and a revised settlement agreement, if the claim or claims have been compromised, or other appropriate dismissal documents. If the parties have settled this matter without compromise, they may file a stipulation of dismissal in accordance with Federal Rule of Civil Procedure 41 to close this file. The parties are advised to carefully consider the law of this Circuit, including the law regarding broad general releases accompanying FLSA settlement agreements, and whether the terms of their agreement justify court approval as a fair and reasonable settlement.

### IV.  CONCLUSION

Accordingly, the parties' Joint Motion for Court Approval of Settlement of FLSA Claim and Dismissal with Prejudice (Doc. 21) is **DENIED without prejudice**. On or before **January 2, 2026**, the parties may file a renewed motion that addresses the issues set forth in this Order and a revised settlement agreement, if applicable, or other appropriate documents to close out this file.

**DONE** and **ORDERED** in Ocala, Florida on December 11, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties